# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>JESSICA ROSE OTT,<br><br>   Defendant. | No. CR19-4021-LTS<br><br>**ORDER** |

This matter is before me on defendant Jessica Ott's pro se motion for discovery (Doc. No. 212), in which she requests portions of her criminal attorney's "case/work file" including 1) transcripts; 2) all discovery, 3) all court filings; 4) the indictment; 5) "investigation reports;" and 6) "all other notes, letters, correspondence, plea agreements, emails, and/or other tangible thing[s] associated with this case." Doc. No. 212. She states that she wants the "case/work file" to prepare a 28 U.S.C. § 2255 motion.

On March 19, 2019, Ott, along with numerous codefendants, were indicted on several counts related to drug trafficking and witness tampering. Doc. No. 5. Ott pleaded guilty on July 23, 2019. Doc. Nos. 85, 93. On December 5, 2019, I sentenced her to 180 months' incarceration on two counts: 1) conspiracy to distribute a controlled substance; and 2) use of a firearm during a drug trafficking crime. Doc. No. 142. Defendant did not appeal and the time to do so has ended. Fed. R. App. P. 4(b).

To the extent Ott is requesting that I direct her former attorney to turn over documents to her, she has failed to allege that I have jurisdiction to do so. Several courts have ruled that once judgment has entered in a criminal case, the time to appeal has expired and there are no valid motions before the court, district courts have no jurisdiction to compel an attorney to turn over a client file. *See, e.g., United States v. Garcia-*

*Herrera*, 894 F.3d 1219, 1221 (10th Cir. 2018) (if a criminal case is closed the district court must dismiss defendant's request that the court compel a former attorney to turn over the case file).[1] Accordingly, Ott's motion (Doc. No. 212) is **denied**.

I will also consider Ott's motion as one generally requesting copies of filings in her case. No transcripts have been prepared in this case. Because neither the plea hearing nor the sentencing hearing have been transcribed, to the extent Ott is requesting transcripts, that request is **denied**. The Clerk's office is **directed** to send defendant the standard information regarding ordering, and paying for, transcripts.

To the extent Ott would like copies of unsealed docket entries, the Clerk's office is **directed** to send her information about the standard cost for printing. Since no motion or appeal is currently pending, there is no good cause to unseal any sealed docket entries listed in defendant's motion.[2] Accordingly, to the extent Ott requests sealed docket entries, that request is **denied**.

The Clerk's office is **directed** to send defendant the standard § 2255 form. Ott is reminded that if she files a motion pursuant to 28 U.S.C. § 2255, she may request the appointment of counsel and may also request discovery relevant to her motion, including the preparation of transcripts.

**IT IS SO ORDERED.**

**DATED** this 5th day of May, 2020.

_____
Leonard T. Strand, Chief Judge

---

[1] I express no opinion on the question of if, and to what extent, the Iowa Rules of Professional Conduct (Iowa R. Civ. P. 32) require Ott's former counsel to turn over portions of her case file.

[2] Additionally, legal and ethical rules, along with DOJ and BOP policies, prohibit incarcerated defendants from access to unredacted presentence investigation reports (PSIR) and discovery.